UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN J. COHENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendant. | Case No. 16-cv-03665-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

　　　　Pro se plaintiff Edwin J. Cohens filed a complaint against the United States Federal Bureau of Investigation ("FBI") entitled "FOIA Request Under Freedom of Information Act." Dkt. No. 1. The FBI moved to dismiss for failure to state a claim and for failure to exhaust administrative remedies. Dkt. No. 9. The motion is granted with leave to amend.

## DISCUSSION

　　　　The Freedom of Information Act ("FOIA") requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents available to the requester unless an exemption applies. 5 U.S.C. §§ 552(a)(3), (b). Before seeking judicial review, a plaintiff must exhaust his or her administrative remedies by requesting specific information in accordance with administrative procedures and having that request improperly refused. *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986). Following exhaustion, the FOIA confers jurisdiction on district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Under this provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136,

1  150 (1980)).  Unless each of these criteria is met, a district court cannot force an agency to comply
2  with the FOIA's disclosure requirements.  *Id.*
3        Cohens' complaint is not sound for several reasons.  First and foremost, it amounts to an
4  initial request for information rather than a plausible claim that the FBI improperly denied a valid
5  request.  Dkt. No. 1.  And the specific requests set out in the complaint are not entirely coherent.
6  For example, Cohens "seeks the release of all records the F.B.I. are [sic] in possession of that
7  involve the plaintiff Edwin Cohens…or any other code names the F.B.I. may have used," followed
8  by questions such as "what is the name of the [] device you use for sleep deprivation of the
9  plaintiff?" and what information did "people used as snitches/informants against him" provide?
10 *Id.* at 2-3.  The balance of the 25-page complaint consists mostly of two internet articles entitled
11 "The FBI Informant Who Mounted a Sting Operation against the FBI" and "Barack Obama's
12 Secret Terrorist-Tracking System, by the Numbers."  *Id.* at 5-23.  There are no allegations that
13 Cohens made a request to the FBI, that a request was denied, or that records were improperly
14 withheld.
15       This is enough to dismiss the complaint.  The Court will give Cohens one opportunity to
16 amend to state a plausible FOIA claim mainly because he said in his opposition brief that the FBI
17 denied his FOIA appeal in a May 26, 2016 letter.  Dkt. No. 15 at 1-3, Exh. A.  The Court is
18 reluctant to terminate the case until Cohens has a chance to allege how this might state a claim
19 against the FBI.  Cohens is advised that, while pro se complaints should be "liberally construed,"
20 pro se litigants must still provide defendants with notice of what they allegedly did wrong and
21 plead the essential factual elements of a claim for relief.  *See Erickson v. Pardus*, 551 U.S. 89, 93-
22 94 (2007) (internal quotation omitted); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
23 Cohens must, at a minimum, allege facts about what agency records were requested and which
24 records have been wrongfully withheld.  *See Tax Analysts*, 492 U.S. at 142.  Cohens should also
25 be cognizant of the FBI's representation that it cannot provide records that would "confirm or
26 deny an individual's placement on any government watch list" under 5 U.S.C. § 552a(j)(2) and
27 5 U.S.C. § 552(b)(7)(E).  *See* Dkt. No. 15 at 2, Exh. A.
28

Cohens has until **April 14, 2017** to file an amended complaint. He may not add new claims or defendants. Cohens is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside.

**IT IS SO ORDERED.**

Dated: March 21, 2017

JAMES DONATO
United States District Judge